**SHI YONG JIN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–1114–ag.

United States Court of Appeals, Second Circuit.

June 2, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Richard M. Evans, Assistant Director; Paul Fiorino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Petitioner Shi Yong Jin, a native and citizen of the People's Republic of China, seeks review of a February 12, 2008 order of the BIA denying his motion to reopen. *In re Shi Yong Jin,* No. A70 893 052 (B.I.A. Feb. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Jin's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Jin argues that the BIA erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–405 (2d Cir.2005), it does not err where, as here, its decision to reject documentary evidence is based substantially on contrary evidence in the record and only mentions the fact that a document was not authenticated, *see Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007). We further note that the 1988–2007 fine schedule for violations of the family planning policy in the record does not demonstrate a change in country conditions and does not indicate that it is the fine schedule for Jin's home province.

Finally, the BIA's determination that Jin was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).